IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISRAEL JUAREZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:11-CV-2335-N-BK |
| | § | |
| LINE LAW FIRM, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, and RECOMMENDATION**

Pursuant to the District Court's Order, dated September 12, 2011, this case has been referred to the undersigned for pretrial management. On August 16, 2011, Plaintiff filed an "Application for Temporary Restraining Order and Permanent Injuction [sic] and Application for Bill of Review on the attached Final Judgment signed May 16, 2011, and Writ of Execution and Application for Writ of Garnishment after Judgment, under a Bill of Rights under a Writ of Wright [sic]," ("Application") in state court. (Doc. 1 at 9). The case was subsequently removed to this Court on September 9, 2011. (Doc. 1). On October 26, 2011, the Court ordered Plaintiff to submit a complaint in compliance with Rule 8(a) of the Federal Rules of Civil Procedure by November 10, 2011, and notified Plaintiff that his failure to comply with the order "may result in the Court *sua sponte* dismissing his case for want of prosecution." (Doc. 10).

On November 11, 2011, Plaintiff filed a "Verified Notice and Final Demand to Transfer Cause No. 3:11-CV-2335-N-BK, etc. al. to Public Integrity Division for Resolution (settlement)." (Doc. 11). That pleading does not fulfill Plaintiff's requirement under the Court's order to submit a complaint in compliance with Rule 8(a). Because Plaintiff failed to amend his complaint after being given notice and an opportunity to do so, the Court recommends that

Plaintiff's case be dismissed.

A review of Plaintiff's Application reveals that he is seeking to challenge the Final Judgment of this Court entered in the matter of *Leonardo Bravo, et al., v. I.J.R., Inc., and Israel Juarez,* Civ. No. 3:10-CV-0088-N ("*Juarez I*"), and a subsequent application for a writ of garnishment filed by the Bravos as 3:11-CV-1823 ("*Juarez II*"). (Doc. 1 at 9-13). Plaintiff's Application alleges that the Final Judgment in *Juarez I*, and the Writ of Garnishment issued upon that judgment in *Juarez II,* should be vacated based on fraud.

The Court of Appeals for the Fifth Circuit has found establishment of the following elements essential to obtaining relief from a prior judgment in an independent action:

(1) a judgment which ought not, in equity and good conscience, to be enforced;

(2) a good defense to the alleged cause of action on which the judgment is founded;

(3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense;

(4) the absence of fault or negligence on the part of defendant; and

(5) the absence of any adequate remedy at law.

*Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 667-68 (5th Cir. 1981) (citation omitted). However, "[r]esort to an independent action may be had only rarely, and then only under unusual and exceptional circumstances. It is not the function of an independent action to relitigate issues finally determined in another action between the same parties." *Carter v. Dolce*, 741 F.2d 758, 759 (5th Cir. 1984). Here, Plaintiff has failed to carry his burden to establish that this is one of those unusual and exceptional circumstances.

Simultaneously with the filing of this recommendation, this Court has recommended in *Juarez I* that Plaintiff be denied the same relief he seeks here: specifically, that Plaintiff not be granted relief from the Final Judgment in *Juarez I* under Rule 60(b) of the Federal Rules of Civil

Procedure. In addition, in *Juarez II,* the Court ordered that the Writ of Garnishment issue despite being presented with the same arguments Plaintiff raises in this case. (*Bravo v. Juarez*, 3:11-CV-1823, Doc. 3-8). Accordingly, the undersigned finds that this case is merely a frivolous attempt to re-litigate previously-settled issues. Thus, the Court RECOMMENDS that Plaintiff's case be **DISMISSED with prejudice**. *Carter*, 741 F.2d at 759-60.

  **SO RECOMMENDED** on November 23, 2011.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE